UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ypsilanti Township Citizens for
Responsible Government,

      Plaintiff,

                                            Civil Case No. 22-10614

v.

Jocelyn Benson, in her official          Sean F. Cox
capacity as Secretary of State of      United States District Court Judge
Michigan, *et al.*,

      Defendants.
_____/

## ORDER DENYING
## REQUEST FOR EX PARTE PRELIMINARY INJUNCTION
## AND/OR TEMPORARY RESTRAINING ORDER

On March 23, 2022, Plaintiff Ypsilanti Township Citizens for Responsible Government ("Plaintiff") filed this lawsuit against Defendants Jocelyn Benson, in her official capacity as Secretary of State of Michigan, the Charter Township of Ypsilanti, and Heather Jarrell Roe, in her official capacity as Ypsilanti Township Clerk (collectively, "Defendants"), based upon federal-question jurisdiction.

Along with the Complaint, on March 23, 2022, Plaintiff also filed an Ex Parte Motion for Preliminary Injunction & Temporary Restraining Order and an Ex Parte Motion to Expedite Consideration of Plaintiff's Motion for Preliminary Injunction & Temporary Restraining Order. (ECF Nos. 6 & 7). In these filings, Plaintiff appears to ask this Court to issue a preliminary injunction or temporary restraining order in this case on an ex parte basis.

A preliminary injunction, however, may not be issued on an ex parte basis. *See* Fed. R.

1

Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). Accordingly, **IT IS ORDERED** that Plaintiff's request for an ex parte preliminary injunction is **DENIED.**

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be issued "without written or oral notice to the adverse party or its attorney *only if*:" 1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and 2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." (emphasis added).

Plaintiff has not provided this Court with any valid reason why it should not be required to give Defendants notice of its motion seeking injunctive relief and Plaintiff's counsel has not provided the Court with a certification, in writing, of the efforts made to give Defendants notice. As such, to the extent Plaintiff's filings request an ex parte temporary restraining order, that request is also **DENIED.**

It is this Court's practice to hold an expedited status conference in cases wherein a preliminary injunction is requested. Plaintiff's counsel is directed to immediately serve Defendants with the Complaint in this action, along with the motion seeking injunctive relief, and file a proof of service on the docket. Plaintiff's counsel should also contact this Court's chambers, to provide the contact information for Defendants' attorneys. This Court will then schedule an expedited status conference to discuss the Motion for Preliminary Injunction and a briefing schedule for it.

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: March 23, 2022