## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

YPSILANTI TOWNSHIP CITIZENS FOR
RESPONSIBLE GOVERNMENT, ballot
question committee,

                                        Case No.: 5:22-cv-10614

      Plaintiff,                            Hon. Sean F. Cox

vs.

JOCELYN BENSON, in her official capacity
as Secretary of State of Michigan,
CHARTER TOWNSHIP OF YPSILANTI,
and HEATHER JARRELL ROE, in her
official capacity as Ypsilanti Township
Clerk,

      Defendants.

---

HANNAH STOCKER (P82847)
Attorneys for Plaintiff
23332 Farmington Road, #98
Farmington, MI 48336
(248) 252-6405
hannah@stockerlawpllc.com

JAMES E. TAMM (P38154)
RICHARD V. STOKAN, JR. (P61997)
MAXWELL G. SHUART (P85692)
KERR, RUSSELL AND WEBER, PLC
Attorneys for Defendants
Charter Township of Ypsilanti
and Heather Jarrell Roe
500 Woodward Avenue, Ste. 2500
Detroit, MI 48226-3427
(313) 961-0200/(313) 961-0388 Fax
jtamm@kerr-russell.com
rstokan@kerr-russell.com
mshuart@kerr-russell.com

---

**DEFENDANTS CHARTER TOWNSHIP OF YPSILANTI AND
HEATHER JERRELL ROE'S
MOTION TO DISMISS**

NOW COMES Defendants, Charter Township of Ypsilanti and Heather
Jarrell Roe, by and through their legal counsel Kerr, Russell and Weber PLC, and
respectfully move for dismissal of the Complaint filed by Ypsilanti Township
Citizens for Responsible Government, ballot questions committee, pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure. The undersigned counsel certifies
that there was a conference between him and counsel for Plaintiff in which
undersigned counsel explained the nature of the relief sought by way of this motion
and sought concurrence in the relief, and opposing counsel denied concurrence.

WHEREFORE, Defendants Charter Township of Ypsilanti and Heather
Jarrell Roe respectfully request that this Honorable Court grant this Motion to
Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and grant any other relief that this Court
should find is equitable and just.

Respectfully submitted,

KERR, RUSSELL AND WEBER, PLC

BY: /s/ *James E. Tamm*
James E. Tamm (P38154)
Attorneys for Defendants Charter Township of
Ypsilanti and Heather Jarrell Roe
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3427
T: 313-961-0200; F: (313) 961-0388
Dated: April 11, 2022          jtamm@kerr-russell.com

{39751/1/D1709789.DOCX;1}

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

YPSILANTI TOWNSHIP CITIZENS FOR
RESPONSIBLE GOVERNMENT, ballot
question committee,

                                       Case No.: 5:22-cv-10614

        Plaintiff,                    Hon. Sean F. Cox

vs.

JOCELYN BENSON, in her official capacity
as Secretary of State of Michigan,
CHARTER TOWNSHIP OF YPSILANTI,
and HEATHER JARRELL ROE, in her
official capacity as Ypsilanti Township
Clerk,

        Defendants.

---

HANNAH STOCKER (P82847)
Attorneys for Plaintiff
23332 Farmington Road, #98
Farmington, MI 48336
(248) 252-6405
hannah@stockerlawpllc.com

JAMES E. TAMM (P38154)
RICHARD V. STOKAN, JR. (P61997)
MAXWELL G. SHUART (P85692)
KERR, RUSSELL AND WEBER, PLC
Attorneys for Defendants
Charter Township of Ypsilanti
and Heather Jarrell Roe
500 Woodward Avenue, Ste. 2500
Detroit, MI 48226-3427
(313) 961-0200/(313) 961-0388 Fax
jtamm@kerr-russell.com
rstokan@kerr-russell.com
mshuart@kerr-russell.com

---

{39751/1/D1709789.DOCX;1}

**BRIEF IN SUPPORT OF**
**DEFENDANTS CHARTER TOWNSHIP OF YPSILANTI AND**
**HEATHER JARRELL ROE'S**
<u>**MOTION TO DISMISS**</u>

## **<u>TABLE OF CONTENTS</u>**

Table of Authorities …………………………………………………………….. 3

Statement of Issues Presented …………………………………………………... 4

Statement of Facts ……………………………………………………………… 5

Standard of Review ……………………………………………………….……10

Legal Argument …………………………………………………………...…10

      I.      Plaintiff's Challenge to a zoning regulation is subject to rational basis review

            ……………………………………………………………….10

      II.     Plaintiff has cited no authority giving rise to any right to relief ……………………………………………………………14

Conclusion & Relief Requested…………………………………………...…17

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Celebrezze*, 460 U.S. 780 (1983) ……………………………..14, 15, 16

*Ashcroft v. Iqbal*, 556 U.S. 544 (2007) ………………………..……………......10

*Bullock v. Carter*, 405 U.S. 134 (1972) ………………………………………..5

*City of Eastlake v. Forest City Enterprises*, 426 U.S. 668 (1976) …………..…….12

*Clements v. Fashing*, 457 U.S. 957 (1982) …………………………..……...…….16

*Grand/Sakawa of Northfield, LLC v. Northfield Twp.*, 304 Mich. App. 137, 851 N.W.2d 574 (Mich. Ct. App. 2014) ……………………………………..……13

*Graveline v. Benson*, 992 F.3d 524 (6th Cir. 2021) …………………………...14, 15

*Hodel v. Indiana*, 452 U.S. 314,(1981) …………………………………..…..12

*Raceway Park, Inc. v. Ohio*, 356 F.2d 677 (6th Cir. 2004) ………..………....12

*Romer v. Evans*, 517 U.S. 620 (1996) ………………………………………..….13

*Salem Springs, LLC v. Salem Twp.*, 312 Mich. App. 210, 880 N.W.2d 793 (Mich. Ct. App. 2015) ………………………………………………………….……13

*Settles v. City of Detroit Clerk*, 169 Mich. App. 797; 427 N.W.2d 188 (Mich. Ct. App. 1988) ……………………………………………………..……11

*Village of Euclid, Ohio v. Amber Realty Co.*, 272 U.S. 365 (1926) ……...……...11

*Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365(6th Cir. 2017) …………10

**Statutes**

MCL 125.3402……………………………………………………………… passim

**Constitutions**

Michigan Constitution, Article 2, § 9…………………………………………...11

## <u>STATEMENT OF ISSUES PRESENTED</u>

(1)   Where Plaintiff seeks a declaration that a zoning ordinance is unconstitutional, and the ordinance does not implicate a fundamental right or impose a suspect classification, does a rational basis standard apply?

(2)   Should Plaintiff's claims be dismissed where Plaintiff has cited no legal authority that gives rise to relief?

## STATEMENT OF FACTS

In March of 2020, the Ypsilanti Township Board of Trustees adopted the 2040 Master Plan. This Plan was the culmination of extensive public engagement and resident input regarding the future growth and development of Ypsilanti Township. With input from resident and other stakeholder groups in mind, the Ypsilanti Planning Commission set out to prepare a comprehensive update to the Township's Zoning Ordinance. After over a year of public meetings and legal review, the comprehensive update was presented at a public hearing hosted by the Planning Commission on November 23, 2021. Comments and recommendations given at the public hearing, in addition to the results of public workshops, were considered and reflected in changes to the draft ordinance. On January 11, 2022, the Planning Commission unanimously recommended adoption of the 2022 Zoning Ordinance and Map by the Ypsilanti Board of Trustees.

On January 18, 2022, at the Board of Trustees regular meeting, the Board held a reading of the proposed Zoning Ordinance. The first reading of proposed ordinance 2022-498, to amend and re-adopt the entire township zoning ordinance and map, was approved unanimously via resolution 2022-03. A second reading was held on February 15, 2022, at a regular meeting of the Board of Trustees and the comprehensive zoning update was adopted unanimously.

Under the State of Michigan's Zoning Enabling Act, MCL 125.3101 et seq. (ZEA), before an adopted or amended zoning ordinance may take effect, a local agency of government like the Charter Township of Ypsilanti is required to publish a notice of ordinance adoption within 15 days from adoption. MCL 125.3401. Compliant with the ZEA, Ypsilanti published a "Notice of Adoption" in the Washtenaw Legal News on February 24, 2022.

Unlike many states, Michigan's ZEA provides an avenue for "a registered elector residing in the zoning jurisdiction of a county or township" to submit "the zoning ordinance to the electors for their approval or rejection" at the next regular election or special election. MCL 125.3402(1)-(3). To have an ordinance or part of an ordinance placed on the next election's ballot, the registered elector is required to file a Notice of Intent with the clerk of the relevant legislative body within 7 days from the date of publication. MCL 125.3402(1). The petitioner then has 30 days from publication to file a petition signed by "a number of registered electors residing in the zoning jurisdiction not less than 15% of the total vote cast within the zoning jurisdiction for all candidates for governor at the last preceding general election at which a governor is elected." MCL 125.3402(2). On meeting these prerequisites, the legislative body is charged with providing the "manner of submitting the zoning ordinance or part of the zoning ordinance to the electors for their approval or rejection and determining the result of the election." MCL 125.3402(3).

In the Complaint initiating this action, Plaintiff Ypsilanti Township Citizens for Responsible Government, ballot questions committee asserts that Latrice Moore filed a Notice of Intent pursuant to MCL 125.3402(1) on March 1, 2022. (Complaint, ECF No. 1, Page ID. 7). It is asserted that Moore coordinated with Plaintiff to gather signatures, that 3,588 signatures were required to meet the 15% threshold, and that Plaintiff hired a professional signature-gatherer firm to collect signatures. (Complaint, ECF No. 1, Page ID. 8). Plaintiff was under the mistaken belief that the signatures were due on Saturday, March 26, 2022 to comply with the statute's deadlines. MCL 168.13, part of the Michigan election law applied by operation of MCL 125.3402(4), however, extended the deadline to the next business day. Notwithstanding the extended deadline, the Township's Clerk, Defendant Heather Jarrell Roe, made the effort to accommodate Plaintiff and opened the Township offices to accept Plaintiff's petition on Saturday, March 26. (Exhibit A, Affidavit of Heather Jarrell Roe).

Given the number of signatures submitted by Plaintiff to the Township, Plaintiff's Complaint and Motion for Preliminary Injunction raise the dual questions of whether this controversy is ripe for review and whether Plaintiff's Complaint is moot. The Complaint alleges that as of "day 24 of 30 to collect signatures Plaintiff ha[d] obtained approximately 4,000 signatures, containing only 1,600 signatures which are valid." (Complaint, ECF No. 1, Page ID. 9). In the days following this

admission made in the pleadings, however, Plaintiff submitted a petition with 7,985 signatures, more than double the number needed to meet the statutory threshold. (Exhibit A, Affidavit of Heather Jarrell Roe). Given that Plaintiff submitted over double the number of required signatures, Plaintiff appears to concede that the statutory requirements do not make it "nearly impossible for Plaintiff to satisfy the petition requirements." (Complaint, ECF No. 1, Page ID. 10).

By virtue of filing this lawsuit, Plaintiff appears to lack confidence in the validity of the signatures that have been submitted to the Township. Even though it is clear that the ZEA statutory prerequisites are easily satisfied, Plaintiff seeks a declaration that the statute's requirements are unconstitutional based on the theory that the 15% signature threshold and 30-day time limit place an unreasonable burden on ballot access. Plaintiff alleges that these requirements have resulted in violations to "[p]lainitff's First and Fourteenth Amendment rights to political speech, including direct democracy, free political association" and by placing "an undue burden on Plaintiff's right to referenda and ballot access." (Complaint ECF No. 1, Page ID. 10-11).

Plaintiff's Complaint is flawed in many respects. The Complaint characterizes MCL 125.3402 as a "ballot access law." (Complaint, ECF No. 1, Page ID. 10). Considering the referendum provision appears in the ZEA, the characterization as a ballot access law is incorrect. There is <u>no</u> Federally protected right to challenge a

zoning ordinance by referendum. Many states provide no process whatsoever for voters to submit a lawfully adopted local zoning ordinance to the electorate for their approval or rejection, Plaintiff's assertion that the ZEA somehow curtails voting rights by allowing for a right to referendum is misguided. Rather than restrict the rights enshrined in the Fourteenth Amendment, the "referendum" process contemplated by the provision at issue regulates and provides an avenue for voters to submit an ordinance to local voters for their approval or rejection. In effect, the provision operates to give voters a second bite at the apple: in addition to voting for the Board of Trustees who make up the legislative body contemplated by the statute and who are responsible for initially adopting the ordinance, voters who fulfill the prerequisites may then submit the adopted ordinance to eligible voters, giving them *another* opportunity to influence local legislation.

In addition to the mischaracterizations and inaccuracies that appear throughout Plaintiff's pleadings and motion filed as of this date, Plaintiff's Complaint is fatally flawed in that the authority cited therein does not support any right to relief under the circumstances presented. Plaintiff attempts to cast this claim as a ballot access issue rather than a challenge to a zoning referendum, and where the law does not support any right to relief, it mandates that Plaintiff's Complaint must be dismissed.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment pursuant to Rule 12(b)(6), federal courts accept as true plaintiff's well-pleaded factual allegations. *Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017). "[A] Complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual contents that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 544, 554 (2007).

## LEGAL ARGUMENT

### I.    Plaintiff's challenge to a zoning regulation is subject to a rational basis review

Plaintiff seeks a declaration that MCL 125.3402 is unconstitutional because it "places an undue burden on Plaintiff's right to referenda and ballot access." (Complaint, ECF No. 1, Page ID. 11). The legal authority cited in Plaintiff's Complaint and Motion for Preliminary Injunction, however, is distinguishable and therefore inapplicable to this case. Further, Plaintiff's Complaint and Motion clearly recognize that the Michigan Constitution, like its federal counterpart, provides no right of initiative or referendum with respect to local ordinance. Michigan is one of the few states that allow a referendum to challenge recently enacted zoning ordinances. The ordinance provision at issue deals with regulation of property, not

an issue of free speech or freedom of association. Because neither a fundamental right nor suspect classification are at issue in this lawsuit, but rather a neutral zoning ordinance, Plaintiff has misstated the applicable standard of review.

As noted by Plaintiff and the Michigan Court of Appeals, Article 2, § 9 of the Michigan Constitution reserved to the people "the power to enact and reject laws, called the initiative, and the power to approve or reject laws enacted by the legislature, called the referendum. This reserved power, however, *does not include the power of initiative or referendum with respect to local ordinances*." (Motion, ECF No. 6, Page ID. 50, quoting *Settles v. City of Detroit Clerk*, 169 Mich. App. 797, 802; 427 N.W.2d 188 (Mich. Ct. App. 1988) (emphasis added). *Settles* and Plaintiff's Motion recognize that, with respect to local ordinances, "there is no general right to initiate or refer an ordinance in a township, and that right must be derived from a specific statute." *Id*. Put another way, neither the Michigan nor federal Constitution provide any right to a local referendum. The referendum provision of MCL 125.3402 is unique to, and applies solely to, local zoning ordinance. It is a statutory creation, not used in many states, which under Supreme Court precedent is subject to a rational basis standard of review.

Rather than implicating fundamental rights or imposing any type of classification, the provision at issue is part of a statutory scheme governing zoning and is therefore social and economic legislation that is subject to rational basis

review. *See generally Village of Euclid, Ohio v. Amber Realty Co.*, 272 U.S. 365 (1926). Further, the Supreme Court has upheld referenda when challenged on the grounds of delegating legislative power, finding that where no challenge is made on the grounds of an ordinance being "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare," referenda regarding zoning ordinance is constitutionally permissible, and it is the result of that election that is subject to challenge in state court. *City of Eastlake v. Forest City Enterprises*, 426 U.S. 668, 676-677 (1976) (quoting *Euclid v. Amber Realty Co.*, 272 U.S. 365, 395 (1926).

When considering constitutional challenges to neutral laws, the Supreme Court has determined that "social and economic legislation . . . that does not employ a suspect classification or intrude on fundamental rights must be upheld against equal protection attack so long as the legislative means are rationally related to a legitimate government purpose." *Raceway Park, Inc. v. Ohio*, 356 F.2d 677, 687 (6th Cir. 2004), *Hodel v. Indiana*, 452 U.S. 314, 331 (1981). Further, such legislation "carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." *Hodel*, 452 U.S. 332-333. "Indeed, social and economic legislation is valid unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [a court] can only conclude that the legislature's actions were irrational."

*Raceway Park, Inc.*, 356 F.3d 687, *Hodel*, 452 U.S. 332. Demonstrating irrationality is a "heavy burden" that is imposed on plaintiffs. *Id*. The Supreme Court has also added that "[i]n the ordinary case, a law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous. *Romer v. Evans*, 517 U.S. 620, 632 (1996).

Here, Plaintiff has not identified anything irrational or arbitrary about Michigan's ZEA, nor that any irrational or arbitrary results have been produced by its provisions. To the contrary, there are multiple published Michigan cases where citizens succeeded in placing zoning referendums on the ballot, including but not limited to *Salem Springs, LLC v. Salem Twp.*, 312 Mich. App. 210, 880 N.W.2d 793 (Mich. Ct. App. 2015) and *Grand/Sakawa of Northfield, LLC v. Northfield Twp.*, 304 Mich. App. 137, 851 N.W.2d 574 (Mich. Ct. App. 2014), and other instances that did not result in litigation.

As opposed to claiming it is negatively impacted by an arbitrary or unreasonable zoning restriction, Plaintiff's complaints asserts that its group struggled to accumulate signatures. In addition to the inference that Plaintiff's proposal lacked broad public support, Plaintiff's Complaint points to difficulties like the weather, its chosen tactic of canvassing door-to-door, trouble with the printer and getting copies of its petition distributed to paid circulators, and time spent

verifying the signatures. (Complaint, ECF No. 1, Page ID. 8, 13). Nothing in Plaintiff's Complaint implicates fundamental rights or the imposition of suspect classifications. Instead, it asserts that there are alleged barriers to challenging a validly enacted land use regulation. Because the regulation challenged involves social and economic regulation, a rational basis review applies. Plaintiff has not demonstrated that the statute is arbitrary or unreasonable, and where other citizen groups have met the prerequisites for gathering petition signatures, Plaintiff's claims must be dismissed. Given that Plaintiff submitted nearly double the amount of required signatures to meet the statutory threshold days after filing this lawsuit, it is clear that the assertion that the 30-day period for gathering petition signatures is neither unreasonable or impossible to attain. (*See* Exhibit A, Affidavit of Heather Jarrell Roe).

## II.     Plaintiff has cited no authority giving rise to any right to relief

Though Plaintiff's Motion explicitly notes that there is no constitutional right to referendum regarding a local zoning ordinance in Michigan or under federal law, Plaintiff argues that MCL 125.3402 creates an undue burden on Plaintiff's First and Fourteenth Amendment rights. To support this assertion, Plaintiff relies on case law that applies to independent candidates' seeking to access the ballot, not cases involving zoning legislation.

Rather than providing authority regarding local referendum rights, Plaintiff supports its assertions by relying on *Anderson v. Celebrezze*, 460 U.S. 780 (1983) and *Graveline v. Benson*, 992 F.3d 524 (6th Cir. 2021). *Anderson* dealt with an Ohio statute that provided different deadlines for independent candidates to appear on the ballot than candidates from the two major political parties. Finding that the restrictions limited the field of candidates from which voters might choose, the Court found that the statute unconstitutionally infringed on freedom to engage in association, thus embracing free speech. *Anderson*, 460 U.S. 787. There, the issue was a candidate's eligibility for the ballot, not a local referendum. Similarly, *Graveline* invalidated a Michigan statute that, like the provision at issue in *Anderson*, applied different standards to independent candidates to appear on the ballot than those of the major political parties who were eligible to appear by virtue of being nominated at a party convention. *Graveline*, 992 F.3d 538. In this case, no disparities like those found problematic in *Anderson* or *Graveline* are present. Rather, the issue here deals with land regulation and the petition process contemplated by MCL 125.3402 applies to *any* individual or group that desires to have a zoning ordinance accepted or rejected by local voters.

While distinguishable and thus inapplicable to the present dispute, the Supreme Court's opinion issued in *Anderson* provides insight that is helpful for purposes of analyzing Plaintiff's claim. In the different context of a state statute that

regulated an independent candidate's eligibility to appear on the ballot, the Court reiterated that "'[i]n approaching candidate restrictions, it is essential to examine in a realistic light the extent and nature of their impact on voters.'" *Anderson*, 460 U.S. at 786 (quoting *Bullock v. Carter*, 405 U.S. 134, 143 (1972). The Court's opinion in *Anderson* further instructs that it is important to distinguish between burdens that "fall [] unequally on new or small political parties or on independent candidates." *Anderson*, 460 U.S. at 794-795. Where a burden weighs more heavily on "an identifiable political group whose members share a particular viewpoint, associational preference, or economic status," a court must "focus on the degree to which the challenged restrictions operate as a mechanism to exclude certain classes of candidates from the electoral process, and that "'[t]he inquiry is whether the challenged restriction unfairly or unnecessarily burdens 'the availability of political opportunity.'" *Id*. at 793-795 (quoting *Clements v. Fashing*, 457 U.S. 957, 964 (1982). Here, Plaintiff has made no contention that the provision at issue falls within the Supreme Court's disfavored category of restrictions. Rather, Plaintiff argues that prerequisites to put a lawfully adopted ordinance on the ballot for voters to approve or reject, prerequisites that apply equally to all citizens and do not take into account political persuasion, are unconstitutional. None of Plaintiff's assertions change the fact that there is no constitutional right to referendum, as a result of which the requirements in MCL 125.3402 do not impact, let alone restrict, Plaintiff's First and

Fourteenth Amendment rights to free political speech and free political association. Because Plaintiff has failed to support its allegations with authority that gives rise to any right to relief, Plaintiff has failed to state a claim upon which relief can be granted and its Complaint must be dismissed.

## CONCLUSION & RELIEF REQUESTED

For the foregoing reasons, Defendants Charter Township of Ypsilanti and Heather Jarrell Roe respectfully request that this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

KERR, RUSSELL AND WEBER, PLC

BY: /s/ *James E. Tamm*
James E. Tamm (P38154)
Attorneys for Defendants Charter Township of
Ypsilanti and Heather Jarrell Roe
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3427
T: 313-961-0200; F: (313) 961-0388
Dated: April 11, 2022        jtamm@kerr-russell.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 11, 2022, I filed the foregoing document with the Clerk of the Court using the Court's electronic filing system which will electronically serve all parties of record.

/s/ *James E. Tamm*